## Cornelius Cravens, *vs.* Emily Cravens, et al.

### *Appeal from Van Buren.*

A mere verbal promise of A. to borrow money and purchase lands of the U. S. in the name of B., does not constitute an agency, and cannot be the basis of a decree for the conveyance of the lands so purchased by A., to B., upon a bill filed for that purpose.

This was a bill in chancery, filed by Cornelius Cravens against Emily Cravens, the administratrix, and the children and heirs of Oscar Cravens, deceased, for the conveyance of a tract of land purchased by the said Oscar, as it was alleged, as agent of said complainant. At the April term 1842, the bill was dismissed at complainants costs. From which decree the complainant appealed to this court.

The supposed grounds of equity are contained in the opinion of the court.

HUMPHREYS, for complainant.

WRIGHT, for defendant.

PER CURIAM, MASON, CHIEF JUSTICE.—The bill in this case sets forth, that in the year 1839, the complainant settled and made valuable improvements upon the west half of the south west quarter of section 30, town. 68, north of range 11, west. That at the land sale in 1840, not having money to enter the same, he made an agreement with his son Oscar Cravens, by which the latter was to attend said sale, borrow the necessary money, and purchase the land in the name of the complainant, and as his agent. It further alleges that the said Oscar Cravens, intending to deceive and defraud the said complainant, procured the said tract of land to be purchased in his own name, and that he afterwards died, leaving a wife and two children who are the real parties defendants in this suit. That administration of the estate of his said son, was subsequently granted to the wife of the deceased, one of the defendants in the bill, and that he, the said complainant, afterwards tendered to her the amount of purchase money of the said tract, but that she refused to execute a deed therefor

The answer denies that Oscar Cravens purchased the land as agent

for the complainant, but that it was entered by the said Oscar in his own right, and that there was an agreement and understanding between the said complainant and the said Oscar, that this land, which was timbered land, together with an equal tract of prairie land, which was to be entered by the said complainant, should be each equally divided between the two parties. It then alleges an offer on the part of Oscar *Cravens to perform* said agreement.

The proof, instead of overturning the answer, tends rather to support it. The most that is testified to by any of the complainant's witnesses, is, that the said Oscar was to borrow money, go to the land sales, and purchase the land in the complainant's name. This would not constitute an agency. It is a mere verbal promise, and (for ought that appears) without consideration, to do a certain act, and cannot be the basis for a decree for a conveyance.

The decree is therefore affirmed.